

Attorneys at Law

Eric W. Moran
t  212.351.4510
f  212.878.8600
EMoran@ebglaw.com

February 3, 2025

**VIA ECF**

Hon. Jesse M. Furman
District Judge, U.S. District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY  10007

     Re:    <u>*CoEnterprise, LLC. v. Jones,* Case No. 25-cv-00543</u>

Dear Judge Furman:

     Pursuant to Rule 7 of this Court's Individual Rules and Practices in Civil Cases, Plaintiff CoEnterprise, LLC ("CoEnterprise") respectfully seeks leave to file its Memorandum of Law in Further Support of its Motion for a Preliminary Injunction and the Declaration of Michael Rabinowitz, dated February 3, 2025, and the exhibits attached thereto in redacted form.

     As the Court is aware, this matter involves allegations and evidence related to threats by Kevin Donelson Jones ("Defendant"), CoEnterprise's former employee, to disclose misappropriated trade secrets, to disparage and defame CoEnterprise and its executives, and to interfere and otherwise do harm to CoEnterprise's valued business relationships. If the trade secrets, the methods and means of the misappropriation, or identity of the individuals and companies to whom the Defendant is threating to disclose the trade secrets, are aired publicly, it would cause substantial risk of harm to CoEnterprise's business.

     Furthermore, in an effort to interfere with CoEnterprise's business, Defendant has threatened to disparage and defame CoEnterprise and its executives by publishing damaging statements that falsely attribute to them conduct of moral turpitude, deviations from business ethics, and the commission of crimes. These threats are part of a broader effort to extort money from CoEnterprise, and airing evidence of these false, disparaging, and defamatory statements publicly would visit upon CoEnterprise and its executives the very harm that Defendant has threatened to inflict, unless he receives payment.

     Accordingly, to protect CoEnterprise from further harm, CoEnterprise proposes narrowly tailored redactions to its memorandum of law, the Rabinowitz Declaration, and the exhibits

Hon. Jesse M. Furman
February 3, 2025
Page 2

thereto, insofar as such documents reference Defendant's disparaging and defamatory statements. These circumstances present sufficient, compelling reasons to overcome the presumption in favor of public access to such information, and grant leave to make the limited proposed redactions.

In addition, given the personal and private nature of Defendant's threats, CoEnterprise's forthcoming memorandum of law, the Rabinowitz Declaration, and the exhibits attached thereto contain personal information related to CoEnterprise's CEO. The privacy interests of CoEnterprise's CEO for resisting disclosure of this information outweighs the public interest in such information, as well.

We thank the Court for its time and attention to this matter and remain available should the Court require additional information.

Respectfully submitted,

/s/ Eric W. Moran

cc:   Michael Gay, Esq. (via email)
      Kevin Donelson Jones (via email)

Application GRANTED. The Court finds that the redactions are narrowly tailored to reasons that justify overcoming the presumption in favor of public access to judicial documents.  In addition, and in light of Defendant's failure to file any opposition to the pending motion, the show cause hearing scheduled for February 6, 2025 at 11:15 a.m. will be held **remotely by telephone** in accordance with Paragraph 3.B of the Court's Individual Rules and Practices in Civil Cases.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.  The Clerk of Court is directed to terminate ECF No. 24.

SO ORDERED.

February 3, 2025