UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COENTERPRISE, LLC,

       *Plaintiff*,

  - against -

KEVIN DONELSON JONES,

       *Defendant.*

Case No. 1:25-cv-00543-JMF

**[PROPOSED] DEFAULT JUDGMENT AND FINAL INJUNCTION ORDER**

  **WHEREAS**, Plaintiff on CoEnterprise, LLC ("CoEnterprise") commenced this action against Defendant Kevin Donelson Jones ("Jones") with the filing of a Complaint on January 17, 2025;

  **WHEREAS**, on January 23, 2025, the Court granted CoEnterprise's request for temporary restraints against Jones pending CoEnterprise's application for a preliminary injunction;

  **WHEREAS**, on February 6, 2025, the Court granted CoEnterprise's request for a preliminary injunction against Jones during the pendency of this matter or until further order of the Court;

  **WHEREAS**, on March 4, 2025, CoEnterprise duly served Jones with the Summons and Complaint in accordance with the Court's Order of March 4, 2025, authorizing service by alternate means under Federal Rule of Civil Procedure 4(e);

  **WHEREAS**, On April 2, 2025, the Court entered an order observing that Jones appeared to be in default and directing CoEnterprise to file any motion for default judgment within two weeks thereof;

  **WHEREAS**, on April 10, 2025, the Clerk of the Court entered a Certificate of Default as to Jones for failure to plead or otherwise defend;

**WHEREAS**, the Court has considered CoEnterprise's submissions in support of its Motion for a Default Judgment and Final Injunction, as well as the declarations of Lucy Maresco, ECF No. 16, Michael Rabinowitz, ECF Nos. 11, 27, and Andrew Schneider, ECF No. 12, the respective exhibits attached thereto, all other papers submitted in connection therewith, and all of the pleadings and proceedings had herein; it is hereby

**ORDERED**, that:

1. CoEnterprise's motion for a default judgment against Jones is GRANTED; and

2. Judgement is hereby ENTERED in CoEnterprise's favor against Jones on CoEnterprise's claims for breach of contract (Count 1), misappropriation of trade secrets in violation of the Defend Trade Secrets Act (Count 2), misappropriation of trade secrets under New York Common Law (Count 3), tortious interference with prospective business relations (Count 4), breach of fiduciary duty (Count 5), and defamation (Count 6); and

**IT IS FURTHER ORDERED** that Jones is restrained and enjoined from:

1. Disclosing, using, and/or otherwise misappropriating any of CoEnterprise's trade secrets and confidential information, including but not limited to proprietary client lists, Salesforce database information, internal emails, and other confidential information as defined in Jones's Employment Agreement attached as Exhibit C to the January 20, 2025, declaration of Lucy Maresco, ECF No. 13-3, (collectively, the "Confidential Information"), or threatening to do so;

2. Soliciting, encouraging, or inducing any customer, client, or partner of CoEnterprise to terminate or diminish its relationship with CoEnterprise, or seeking to persuade or induce any such customer, client, prospective customer, prospective client, or partner of the Company to conduct with anyone else any business or activity which such customer, client,

prospective customer, prospective client, or partner conducts or could conduct with CoEnterprise, or threatening to do so;

3. Soliciting, encouraging, or inducing any employee of CoEnterprise or seeking to persuade or induce any employee of CoEnterprise to discontinue employment with CoEnterprise, or threatening to do so;

4. Soliciting, encouraging or inducing any independent contractor providing services to the CoEnterprise to terminate or diminish its relationship with CoEnterprise, or threatening to do so; or

5. Interfering with CoEnterprise's customer, client, or business partner relationships or threatening to do so; and

**IT IS FURTHER ORDERED** that Jones shall, within five (5) business days of this order, comply with his obligation to provide an accounting and make certain physical devices and accounts available to Plaintiff's forensic vendor, as set forth in pages 3 and 4 of the Order To Show Cause For Temporary Restraints and Preliminary Injunction, dated January 23, 2025, ECF No. 19, and, upon Plaintiff's forensic collection and analysis of such devices and accounts, permit Plaintiff's forensic vendor to destroy and remove from such devices and accounts all CoEnterprise confidential information and documents; and

**IT IS FURTHER ORDERED** that CoEnterprise's application for its reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D) based on Jones's willful and malicious misappropriation of CoEnterprise's trade secrets, is GRANTED in an amount to be determined. Within  21  days of this Order, CoEnterprise shall submit an affirmation or declaration detailing the legal expenses it incurred in prosecuting its claims against Jones; and Jones shall file any opposition to that submission within 21 days; no reply may be filed absent prior leave of Court; and

Default Judgment and Final Injunction

**IT IS FURTHER ORDERED** that CoEnterprise shall serve a copy of this ~~preliminary~~ Order ~~injunction~~ on Jones in accordance with the Court's order of March 4, 2025, ECF No. 43, by emailing it to the following addresses, which shall be deemed good and sufficient service thereof: kevindonjones866@gmail.com, kevindonjones16@gmail.com, johndoepinkley@gmail.com, tommyboyserradoce@gmail.com, and kevindonjones@yahoo.com.

_____
Hon. Jesse M. Furman, U.S.D.J.

May 15, 2025

The Court will retain jurisdiction to enforce this Judgment and Order.

The Clerk of Court is directed to close this case.

4