UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
COENTERPRISE, LLC,                                                   :
                                                                     :
                          Plaintiff,,                                :      25-CV-543 (JMF)
                                                                     :
        -v-                                                          :
                                                                     :      MEMORANDUM OPINION
KEVIN DONELSON JONES,                                                :      AND ORDER
                                                                     :
                          Defendant.                                 :
                                                                     :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 15, 2025, the Court entered default judgment against Defendant; granted Plaintiff's application for reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D); ordered Plaintiff to submit an accounting of its legal expenses; and ordered Defendant to file any opposition to Plaintiff's submission within twenty-one days of Plaintiff's accounting. *See* ECF No. 59, at 2–3. On June 5, 2025, Plaintiff filed a declaration, an exhibit, and a proposed order requesting an award of attorneys' fees and costs totaling $196,534.54. ECF Nos. 60, 60-1, 60-2. Defendant failed to file any opposition within the allotted time.

In reviewing a request for attorney's fees, a court need not "engage in a painstaking line-item review of each billing entry." *M.D. v. New York City Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018). Instead, where a court concludes that a reduction is warranted, "a district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *Id.* (cleaned up) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). Upon review of Plaintiff's filings here, the Court concludes that there is fat

to be trimmed from Plaintiff's request because Plaintiff's counsel's hourly rates, the total number of hours spent, and the number of hours spent by partners (as opposed to associates or paralegals) all exceed what was reasonable given the nature of the case. Accordingly, the Court will reduce Plaintiff's claimed attorneys' fees across the board by 40% and, thus, awards Plaintiff $115,821.30 in fees. The Court will also award costs of $3,499.04. *See, e.g.*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."); *Glob. Ref. Grp., Inc. v. PMD Analysis Inc.*, No. 21-CV-532 (JLR) (BCM), 2023 WL 8895869, at *2 (S.D.N.Y. Dec. 8, 2023) ("The [Defend Trade Secrets Act] likewise permits an award of reasonable attorneys' fees and costs to the prevailing party."), *report and recommendation adopted*, 2023 WL 8893989 (S.D.N.Y. Dec. 26, 2023).

It is hereby ORDERED that Plaintiff is awarded attorneys' fees and costs in the amount of $119,320.34. Furthermore, the Court sees no reason to delay enforcement of the award. *See, e.g.*, *Keitel v. D'Agostino, Sr.*, No. 21-CV-8537 (JMF), 2025 WL 1785867, at *2 (S.D.N.Y. June 27, 2025) (stating that "[c]ourts in this Circuit have regularly . . . allowed the immediate enforcement of [] judgments" for attorneys' fees and costs); *Stingray Music USA, Inc. v. uCast LLC*, No. 19-CV-7473 (AKH), 2020 WL 2489069, at *2 (S.D.N.Y. May 14, 2020) (ordering, *sua sponte*, that award of attorneys' fees be "subject immediately to execution"); *see also, e.g.*, *Li Rong v. Perfect Team Corp.*, No. 10-CV-1637 (ENV) (CLP), 2014 WL 2465589, at *5 (E.D.N.Y. May 30, 2014) (observing that the defendants had "not presented any legal authority . . . indicating that the Court lacks authority to compel defendant[] to comply immediately" with a fee award). **Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiff for $119,320.34 in attorneys' fees and costs.**

Finally, IT IS FURTHER ORDERED that Plaintiff shall promptly serve a copy of this Memorandum Opinion and Order and the Judgment that follows on Defendant in accordance with the Court's order of March 4, 2025, ECF No. 43, by emailing both to the following addresses, which shall be deemed good and sufficient service thereof: kevindonjones866@gmail.com, kevindonjones16@gmail.com, johndoepinkley@gmail.com, tommyboyserradoce@gmail.com, and kevindonjones@yahoo.com.

SO ORDERED.

Dated: June 30, 2025
      New York, New York

JESSE M. FURMAN
United States District Judge